**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                              |       |                           |
|------------------------------|-------|---------------------------|
| **UNITED STATES OF AMERICA** | *     |                           |
| v.                           | *     | Case No. RWT 09-cr-0302   |
| **MILTON ANTONIO GONZALEZ**  | *     |                           |

**MEMORANDUM OPINION AND ORDER**

On July 23, 2009, Defendant Milton Antonio Gonzalez pled guilty to Counts 1 and 2 of an indictment charging him with (1) failure to register under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a), and (2) reentry of alien deported after an aggravated felony conviction, in violation of 18 U.S.C. § 1326(a) and (b)(2). ECF Nos. 1, 23. On December 4, 2009, he was sentenced by this Court to a term of 70 months in prison "as to Count 1 and 2 concurrently and to run consecutive to the sentence imposed in the Circuit Court for Prince George's County Maryland, Case No. CT041858X."[1] *Id.* at 2. Defendant was released from custody of the State of Maryland on September 17, 2013, and was immediately placed in federal custody. ECF No. 26 at 2. He now moves this Court to "declare" that his federal sentence be served concurrent with his completed state sentence, which commenced on December 2, 2009. *Id.*

Federal district courts generally "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Sester v. United States*, 132 S. Ct. 1463, 1468 (2012). *See also United States v. Perry*, No. 93-5498, 1995 WL 45521, at *5 (4th Cir. Feb. 1, 1995); 18 U.S.C. § 3584(a) ("if a term of imprisonment is imposed

---

1 At the time of his federal sentencing hearing, Defendant was serving a nine-year state sentence. ECF No. 39 at 5.

on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively…").  Exercise of that discretion is predicated on the court's consideration of the factors listed in 18 U.S.C. § 3553(a),[2] including any applicable guidelines or policy statements issued by the Sentencing Commission.  *See* 18 U.S.C. § 3584(b); *Perry*, 1995 WL 45521, at *5 ("The methodology outlined in [U.S. Sentencing Guideline §] 5G1.3 is not intended to be an inflexible formula; instead it is an optional framework designed to assist the trial judge in exercising his considerable sentencing discretion.").

Once imposed, a district court may modify a term of imprisonment only to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.

---

2 Factors the court must consider under 18 U.S.C. § 3553(a) are:
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for—
      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
          (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
          (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
      (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28;
  (5) any pertinent policy statement—
      (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

Rule 35 permits two paths for the court to correct or reduce a sentence: (a) the court "may correct a sentence" within 14 days after sentencing "that resulted from arithmetical, technical, or other clear error," or (b) the court "may reduce a sentence" in light of "substantial assistance" that the inmate provided to the government. Fed. R. Crim. P. 35(a), (b). Both 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255 grant some additional authority to modify a defendant's sentence, but neither provision applies to this case. *See* 18 U.S.C. § 3582(c); 28 U.S.C. § 2255.

Defendant waited five years before deciding to file the motion at issue here; accordingly, relief under Rule 35 is plainly foreclosed. *See U.S. v. Shank*, 395 F.3d 466, 468 (4th Cir. 2005) (holding that Rule 35(a)'s time limit is jurisdictional). Furthermore, Defendant neither asserts a sentencing error, nor that he provided the government with substantial assistance. Rather, he requests the Court reconsider its decision "[i]n light of the most recent developments regarding immigration." ECF No. 26 at 2. The Court is not permitted to reduce his sentence on these grounds. Even if it were, the Court considered all of the factors in 18 U.S.C. § 3553(a) during the sentencing hearing on December 4, 2009, in addition to a letter and oral argument from defense counsel requesting that the Court to impose the sentences concurrently, and made its decision accordingly. *See* ECF No. 39.

Accordingly, it is this 30th day of October, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion Pursuant to 18 U.S.C. § 3584 To Have Sentence Served Concurrent (ECF No. 26) is hereby **DENIED**.

/s/
_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
